W HOLDING COMPANY, INC., et al., Plaintiffs,

v.

CHARTIS INSURANCE COMPANY OF PUERTO RICO, Defendant;

Federal Deposit Insurance Corporation, as receiver of Westernbank Puerto Rico, Plaintiff–Intervenor,

v.

Frank Stipes García, et al., Cross–Claim Defendants,

Chartis Insurance Company of Puerto Rico, Previously–Joined Defendant,

and

Marlene Cruz Caballero, et al., Additional Defendants.

Civil No. 11–2271 (GAG/BJM).

United States District Court, D. Puerto Rico.

Signed Jan. 13, 2014.

---

PHV Andres Rivero, Rivero Mestre, Coral Gables, FL.

Raul Gonzalez–Toro, San Juan, PR.

Carlos A. Lazaro–Castro, Enrique G. Figueroa–Llinas, Bobonis, Bobonis & Rodriguez Poventud, San Juan, PR, Jorge A. Mestre, Alan H. Rolnick, Andres Rivero, Charles E. Whorton, Rivero Mestre LLP, Miami, FL, Maria Paula Aguila, Rivero Mestre, Coral Gables, FL, for Plaintiffs.

Fernando Sabater–Clavell, Luis N. Saldana–Roman, Saldana & Carvajal, P.S.C., Ruben T. Nigaglioni, Nigaglioni Law Offices PSC, Roberto Buso–Aboy, Buso Aboy Law Office, Enrique Peral–Soler, Enrique Peral Law Offices, P.S.C., Jaime Brugueras–Cernuda, Munoz, Benitez, Brugueras & Cruz, Antonio J. Amadeo–Murga, A.J. Amadeo Murga Law Office, Harold D. Vicente–Colon, Harold D. Vicente–Gonzalez, Vicente & Cuebas, Heidi L. Rodriguez–Benitez, Jason R. Aguilo–Suro, Mariana Muniz–Lara, Pietrantoni Mendez & Alvarez, Francisco E. Colon–Ramirez, Colon & Colon PSC, Gary H. Montilla–Brogan, San Juan, PR, Anjali C. Das, Craig M. Derrig, James K. Thurston, Kimberly E. Rients–Blair, Michael P. Tone, Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, IL, David A. Schumacher, H. Marc Tepper, Buchanan Ingersoll & Rooney PC, Philadelphia, PA, Peter S. Russ, Buchanan Ingersoll & Rooney PC, Pittsburgh, PA, Jane W. Moscowitz, Norman A. Moscowitz, Moscowitz & Moscowitz, P.A., Miami, FL, David J. Hungeling, Law Office of David J. Hungeling, P.C., Theodore J. Sawicki, Austin M. Hall, Elizabeth Gingold–Greenman, Robert R. Long, Alston & Bird LLP, Atlanta, GA, Charles Collins Lemley, Benjamin C. Eggert, David H. Topol, Karen L. Toto, Wiley Rein LLP, Washington, DC, Jack A. Wilson, Robin A. Henry, Boies, Schiller & Flexner LLP, Armonk, NY, David Andrew Shedd, Katharine Bills Bowman, Michael Robert Goodstein, Bailey Cavalieri LLC, Columbus, OH, for Defendants.

Agnes I. Cordero, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff–Intervenor.

### *ORDER*

BRUCE J. McGIVERIN, United States Magistrate Judge.

Before the court is the Government Development Bank for Puerto Rico's ("GDB") motion to quash a subpoena filed by former directors and officers of Westernbank (collectively, "D & Os"). Docket No. 709 ("Mot."). The D & Os opposed (Docket No. 746, "Opp."), and GDB replied (Docket No. 763, "Reply"). The motion was referred to me for disposition. Docket No. 711. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

At issue is the D & Os' second subpoena to the GDB, served in September 2013, this time for a video deposition and further production of documents (*see* Docket No. 709–2). GDB has agreed to produce a corporate representative to testify at the deposition. The instant dispute centers on the production of documents in three examination areas: (1) Project Themis, (2) the valuation, appraisal, analysis, or audits of the Plaza CCD project, and (3) information relating to GDB's plans for the Convention Center District and litigation relating to the Plaza CCD project to which GDB is a party. Based on an earlier subpoena request from the D & Os, GDB in November 2013 produced documents in its possession created between 2008 and 2010 concerning the financing and development of the Plaza CCD project. *See* Docket No. 709–1.

Under the Federal Rules of Civil Procedure, a court "must" quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). An evaluation of undue

burden requires the court to weigh the burden to the subpoenaed party against the information's value to the serving party. In determining whether a subpoena imposes an "undue burden," the court considers "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.1979). However, courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation. *See Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41–42 (1st Cir.2003); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

## I. Project Themis

■ GDB argues that the first request should be quashed because documents relating to Project Themis in GDB's possession are not relevant to this case, and that in addition the request imposes an undue burden. Mot 6–8.

The court has on numerous occasions in the last few months addressed discovery disputes relating to Project Themis. It is well established by now that information relating to Project Themis, as it relates to Westernbank, is within the scope of discovery. Docket No. 698 (ordering FDIC–C to produce Project Themis materials), *aff'd*, Docket No. 723. However, in an order dated December 30, 2013, this court quashed the D & Os' request to Banco Popular ("BPPR") for Project Themis documents, noting that "requiring a non-party such as BPPR to produce documents relating to Project Themis is an undue burden

at this time." Docket No. 744, at 4. GDB, like BPPR, is not a party to this action, but was allegedly involved in discussions with the FDIC regarding the potential purchase of Westernbank assets prior the bank's failure. More than three years have passed since Westernbank's failure, and a change in administration has resulted in turnover at government agencies, including GDB. High-level officials that were involved in discussions with the FDIC are no longer at the bank. The court also notes that the D & Os should have or will be receiving Project Themis documents from the FDIC–C. Thus, consistent with the order of December 30, I find that requiring GDB to produce documents relating to Project Themis at this time constitutes an undue burden. GDB's motion to quash the D & Os' general request for Project Themis documents is **granted.**

If upon review of the FDIC–C's production, the D & Os identify specific GDB persons who may have had relevant communications with the FDIC, they may seek further discovery from GDB at that time.

## II. Information and Documents Relating to the Plaza CCD Project

GDB next asserts that the D & Os' request for information and documents relating to the "valuation, appraisal, analysis, or audits of the Plaza CCD project" should be quashed as being duplicative of its prior production under the first subpoena, and barred by the official information privilege under Puerto Rico law. Mot 11–12. GDB's November 2013 production to the D & Os addressed the following areas:

1. Documents and communications between the Government Development Bank ("GDB") and Westernbank regarding a letter of credit or an agreement in which the GDB agreed to provide fi-

nancing for the continued development of Plaza CCD in 2009–2010.

2. Communications between Federal Deposit Insurance Corporation (the "FDIC") and the GDB regarding a letter of credit or an agreement in which the GDB agreed to provide financing for the continued development of Plaza CCD in 2009–2010.

3. Communications between the GDB and Cleofe Rubí, Mora Development, or Plaza CCD regarding a letter of credit or an agreement in which GDB agreed to provide financing for the continued development of Plaza CCD in 2008–2010.

4. Documents and communications between Banco Popular and/or the FDIC and the GDB regarding the purchase of the Plaza CCD project.

5. Documents and communications between the GDB and the Puerto Rico Convention Center District Authority (the "PRCCDA") regarding the PRCCDA's right to repurchase the Plaza CCD project.

6. Documents and communications regarding the disposition or current status of the Plaza CCD project.

The above topics are broadly worded, especially request number six, which would appear to encompass the "valuation, appraisal, analysis, or audits of the Plaza CCD project." However, GDB's own position undermines its argument that this request is duplicative of the first subpoena. Specifically, GDB claims that internal memoranda and draft documents concerning Plaza CCD are not responsive to the first subpoena. Reply 8 n. 4. GDB points to three documents prepared by Mr. Ángel Pérez, Director of Private Sector Financing, in which he makes confidential recommendations to GDB's Board of Directors regarding credit requests from Plaza CCD Development Corp. and the potential acquisition of a Plaza CCD mortgage note

from BPPR. Mot. 13. These internal communications, GDB contends, are protected from disclosure under Puerto Rico law's official information privilege. *Id.* The D & Os respond that state law privileges do not apply in this federal question case, and in any event, GDB failed to properly assert its applicable federal counterpart—the deliberative process privilege. Opp. 11.

 Rule 501 of the Federal Rules of Evidence provides that in a "civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed.R.Evid. 501. The burden of establishing "an applicable privilege rests with the party resisting discovery." *FDIC v. Ogden Corp.,* 202 F.3d 454, 460 (1st Cir.2000). While this case is before the court under federal question jurisdiction, *see* 12 U.S.C. § 1819(b)(2) (all civil lawsuits in which the FDIC is a party is deemed to arise under the laws of the United States), the claims and defenses asserted implicate Puerto Rico state law, *see* Docket Nos. 182 (FDIC–R's second amended complaint asserting a cause of action under 26 L.P.R.A. §§ 2001, 2003), 415 (asserting negligence under Article 1802 of the Puerto Rico Civil Code). Under these circumstances, federal courts may consider and apply the state's law on privileges based on principles of comity. *See, e.g., Sterling Merch., Inc. v. Nestle, S.A.,* 470 F.Supp.2d 77, 82 (D.P.R.2006). Whether or not a state law privilege applies is determined through a balancing test. *Id.* However, such an exercise is unnecessary when there is no conflict between state and federal law.

 In the instant dispute, I find it unnecessary to determine whether the federal law or Puerto Rico law of privileges applies, because in either case, the memoranda at issue are protected from disclosure. Puerto Rico's official information privilege protects from disclosure confi-

dential, non-public, documents embodying opinions or recommendations of government officials made in their policy-making and decision-making capacities. *See Santiago v. Bobb,* 117 D.P.R. 153, 162, 17 P.R. Offic. Trans. 182, 194 (1986). The status of such documents comes down to a balancing test: disclosure is prohibited when the harm to the government from disclosure outweighs the countervailing interests of the public and the party seeking its production. 17 P.R. Offic. Trans. at 197.

■ The federal deliberative process privilege is the federal counterpart to Puerto Rico's official information privilege. *Cf. Evans v. City of Chicago,* 231 F.R.D. 302, 315 (N.D.Ill.2005) (noting that the "official information privilege" and "deliberate process privilege" are synonymous at common law). The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dept. of Interior v. Klamath Water Users Protective Assoc.,* 532 U.S. 1, 9, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001). The privilege must be asserted by the head of the department that has control over the requested information after personally considering the material, with an explanation of the need for preserving the material's confidentiality, and a detailed explanation of each withheld document. *Landry v. F.D.I.C.,* 204 F.3d 1125, 1135 (D.C.Cir.2000). A document must be both "predecisional" and "deliberative" to qualify for the deliberative process privilege. *Providence Journal Co. v. U.S. Dep't of Army,* 981 F.2d 552, 557 (1st Cir.1992). However, even where a document is predecisional and deliberative, factual portions of the document may be unprotected and discoverable "if it is not so 'inextricably intertwined' with the deliberative material that its disclosure would 'compromise the confidentiality of deliberative information that is entitled to protection.'" *Id.* at 562 (quoting *EPA v. Mink,* 410 U.S. 73, 92, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)).

■ Because Puerto Rico's official information privilege and the federal deliberative process privilege are essentially co-extensive, there is no conflict and the federal law of privileges (with its attendant procedural requirements) should apply. To date, GDB has not formally asserted the federal deliberative process privilege. The court also does not take the GDB to claim that the deliberative process privilege protects from disclosure all documents responsive to this request. GDB is hereby ordered to produce non-privileged documents responsive to the "valuation, appraisal, analysis, or audits of the Plaza CCD project." In addition, should GDB choose to assert the deliberative process privilege with respect to specific documents, it must produce a privilege log and comply with the formal requirements set out above. *Accord Shea v. McGovern,* Civ. 1:08–12148–MLW, 2011 WL 322652, at *5 (D.Mass. Jan. 31, 2011) (finding state law privilege not applicable but permitting party to raise applicable federal law privilege). GDB's motion to quash this second request is **denied** without prejudice to asserting applicable privileges.

### III. GDB's Plans for the Convention Center District and Related Litigation

Lastly, GDB contends that the D & Os should direct their third document request to the Puerto Rico Convention Center District Authority, the governmental agency that is responsible for the development and operation of the Convention Center District. Mot. 18. GDB, however, does not address whether this particular request imposes an undue burden. At the

same time, the D & Os' opposition does not explain how this particular line of inquiry—GDB's plans to develop and revitalize Puerto Rico's Convention Center District, and litigation related to Plaza CCD—is at all relevant or likely to lead to admissible evidence. The court notes, however, that many of the documents responsive to this request would likely be part of GDB's first production, as addressing request number six. Given that the record is not fully developed on this subject, GDB's motion to quash request area three in the second subpoena is **denied without prejudice.**

## CONCLUSION

For the foregoing reasons, GDB's motion to quash is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**